**CT Corporation**

**Service of Process Transmittal**
12/01/2020
CT Log Number 538683764

**TO:**   Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in New York**

**FOR:**   WALMART INC.   (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gambino Rosanna Antolino and Anthony Gambino, Pltfs. vs. FBG Wall, LLC, et al., Dfts. // To: Walmart, Inc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Verification |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 1595492020 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/03/2018 at 288 Larkin Drive, Monroe, New York |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/01/2020 at 16:56 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Natalie A. Zammitti Shaw<br>Law Offices Rosemarie Arnold<br>1386 Palisade Avenue<br>Fort Lee, NJ 07024<br>201-461-1111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/02/2020, Expected Purge Date: 12/07/2020<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Tue, Dec 1, 2020

**Server Name:**       Gina Eannucci

Entity Served         WALMART INC.

Agent Name

Case Number           159549/2020

Jurisdiction          NY



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------------------x
ROSANNA ANTOLINO GAMBINO and
ANTHONY GAMBINO,

Index No. **159549/2020**

                    Plaintiffs,

    -against-

FBG WALL LLC, WALMART, INC., RD
 MANAGEMENT LLC, HARRIMAN COMMONS, LLC,
D & D GENERAL CONTRACTING & PROPERTY
MAINTENANCE INC., "JOHN DOE", as described in
the complaint,

                    Defendants.
--------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your
documents in paper, unless you choose to participate in e-filing.**

**<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a
scanner or other device to convert documents into electronic format, a connection
to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

    • serving and filing your documents electronically

    • free access to view and print your e-filed documents

    • limiting your number of trips to the courthouse

    • paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at  www.nycourts.gov/efile  or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  November 23, 2020

Natalie A. Zammitti Shaw, Esq.

Law Offices Rosemarie Arnold
1386 Palisade Avenue
Fort Lee, New Jersey 07024
201-461-1111
NZammittiShaw@rosemariearnold.com

TO:     Walmart, Inc.
        Registered Agent to servce:
        C T CORPORATION SYSTEM
        28 LIBERTY ST.
        NEW YORK, NEW YORK, 10005

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

ROSANNA ANTOLINO GAMBINO and
ANTHONY GAMBINO,

                        Plaintiffs,

        -against-

FBG WALL LLC, WALMART, INC., RD
 MANAGEMENT LLC, HARRIMAN COMMONS, LLC,
D & D GENERAL CONTRACTING & PROPERTY
MAINTENANCE INC., "JOHN DOE", as described in
the complaint,

                        Defendants.

------------------------------------------------------------- x

Index No.

**SUMMONS**

Plaintiff resides at
3 Moorefield Circle
Highland Mills, NY 10930
Venue based upon the
Defendant Harriman
Commons, LLC residence

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice: The nature of the action is personal injury. The relief sought is monetary damages.

Upon your failure to appear, judgment will be taken against you by default in an amount sought exceeding jurisdictional limits of all Courts lower than the Supreme Court, with interest and the costs of this action from the date of the accident.

Dated: November 6, 2020

                        */s/ Natalie A. Zammitti Shaw*
                        NATALIE A. ZAMMITTI SHAW
                        Law Offices Rosemarie Arnold
                        Attorneys for Plaintiffs
                        1386 Palisade Avenue
                        Fort Lee, New Jersey 07024
                        T: (201) 461-1111     F: (20) 461-1666
                        555 Madison Avenue, 16th Floor
                        New York, New York 10022
                        **\*\*PLEASE RESPOND TO NEW JERSEY ADDRESS\*\***

Defendants Addresses:   WALMART, INC.
28 LIBERTY STREET
NEW YORK, NEW YORK, 10005

FBG WALL LLC
c/o RD Management LLC
810 Seventh Avenue
10th Floor
New York, NY 10019

RD MANAGEMENT LLC
810 Seventh Avenue
10th Floor
New York, NY 10019

HARRIMAN COMMONS, LLC
c/o RD Management LLC
810 Seventh Avenue
10th Floor
New York, NY 10019

D&D GENERAL CONTRACTING AND
PROPERTY MAINTENANCE INC.
532 Benten Hollow Road
Woodburne, New York 12788

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------x
ROSANNA ANTOLINO GAMBINO, and
ANTHONY GAMBINO,

                                 Plaintiffs,

           -against-

FBG WALL, LLC, WALMART, INC., RD
MANAGEMENT LLC, HARRIMAN COMMONS
LLC, D&D GENERAL CONTRACTING AND
PROPERTY MAINTENANCE, INC., and "JOHN DOE",
as described in the complaint,

                             Defendants.
-------------------------------------------------------------------x

Index No.

**VERIFIED COMPLAINT**

       Plaintiffs complaining of the Defendants, by their attorneys, LAW OFFICES

ROSEMARIE ARNOLD, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times mentioned herein, and at the time of the commencement of this
   action, Plaintiff was a resident of Orange County, State of New York.

2. That on February 3, 2018, and at all times mentioned herein, Defendant FBG WALL
   LLC was and still is, a corporation duly organized and existing under and by virtue of
   the laws of the State of Arkansas and a corporation duly licensed and authorized to do
   business in the State of New York.

3. That on February 3, 2018, and at all times mentioned herein, Defendant WALMART,
   INC. was and still is, a corporation duly organized and existing under and by virtue of
   the laws of the State of Delaware and a corporation duly licensed and authorized to
   do business in the State of New York .

4. That on February 3, 2018, and at all times mentioned herein, Defendant RD
   MANAGEMENT LLC was and still is, a limited liability company duly organized
   and existing under and by virtue of the laws of the State of New York.

5. That on February 3, 2018, and at all times mentioned herein, Defendant HARRIMAN
   COMMONS, LLC was and still is, a limited liability company duly organized and
   existing under and by virtue of the laws of the State of New York.

6. That on February 3, 2018, and at all times mentioned herein, Defendant D&D
   GENERAL CONTRACTING AND PROPERTY MAINTENANCE, INC. was and
   still is, a corporation duly organized and existing under and by virtue of the laws of a
   state other than New York, but is doing business within the State of New York.

7. Upon information and belief, at the times hereinafter mentioned, the defendant "John
   Doe" is an individual, partnership, corporation, limited liability company, or any
   other business entity who on February 3, 2018 was responsible for the snow and ice
   removal in the parking lot adjacent to the Walmart located at 288 Larkin Drive,
   Monroe, New York and/or had recently thereto attempted to remediate same.

8. That on February 3, 2018, Plaintiff was lawfully upon the premises located at 288
   Larkin Drive, County of Orange, State of New York.

9. At all times mentioned herein, upon information and belief, Defendant FBG WALL
   LLC owned, leased, rented, operated, controlled, maintained, managed and/or
   inspected the premises known as Walmart Supercenter, 288 Larkin Drive, Monroe,
   New York, specifically, the parking lot.

10. At all times mentioned herein, upon information and belief, Defendant WALMART,
    INC. owned, leased, rented, operated, controlled, maintained, managed and/or

inspected the premises known as Walmart Supercenter, 288 Larkin Drive, Monroe, New York, specifically the parking lot.

11. At all times mentioned herein, upon information and belief, Defendant RD MANAGEMENT LLC owned, leased, rented, operated, controlled, maintained, managed and/or inspected the premises known as Walmart Supercenter, 288 Larkin Drive, Monroe, New York, specifically, the parking lot.

12. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC owned, leased, rented, operated, controlled, maintained, managed and/or inspected the premises known as Walmart Supercenter, 288 Larkin Drive, Monroe, New York, specifically, the parking lot.

13. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. owned, leased, rented, operated, controlled, maintained, managed and/or inspected the premises known as Walmart Supercenter, 288 Larkin Drive, Monroe, New York, specifically, the parking lot.

14. On February 3, 2018, Plaintiff was caused to slip and fall and sustain serious, substantial and permanent personal injuries due to snow and ice in the parking lot outside the premises located at 288 Larkin Drive, Monroe, New York.

15. At all times mentioned herein, upon information and belief, Defendant FBG WALL LLC owed a duty to Plaintiff and persons such as Plaintiff to keep the property outside located at 288 Larkin Drive, Monroe, New York free of any and all obstacles and/or dangerous and/or hazardous conditions including snow or ice and/or owed a duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in

safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons

such as Plaintiff to warn them of dangerous and/or hazardous conditions on the

premises.

16. At all times mentioned herein, upon information and belief, Defendant FBG WALL

LLC owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain

and/or manage and/or inspect the property outside located at 288 Larkin Drive,

Monroe, New York.

17. At all times mentioned herein, upon information and belief, Defendant WALMART,

INC. owed a duty to Plaintiff and persons such as Plaintiff to keep the property

outside located at 288 Larkin Drive, Monroe, New York free of any and all obstacles

and/or dangerous and/or hazardous conditions including snow or ice and/or owed a

duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in

safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons

such as Plaintiff to warn them of dangerous and/or hazardous conditions on the

premises.

18. At all times mentioned herein, upon information and belief, Defendant WALMART,

INC. owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain

and/or manage and/or inspect the property outside located at 288 Larkin Drive,

Monroe, New York.

19. At all times mentioned herein, upon information and belief, Defendant RD

MANAGEMENT LLC owed a duty to Plaintiff and persons such as Plaintiff to keep

the property outside located at 288 Larkin Drive, Monroe, New York free of any and

all obstacles and/or dangerous and/or hazardous conditions including snow and ice

and/or owed a duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons such as Plaintiff to warn them of dangerous and/or hazardous conditions on the premises.

20. At all times mentioned herein, upon information and belief, Defendant RD MANAGEMENT LLC owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain and/or manage and/or inspect the property outside located at 288 Larkin Drive, Monroe, New York.

21. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC owed a duty to Plaintiff and persons such as Plaintiff to keep the property outside located at 288 Larkin Drive, Monroe, New York free of any and all obstacles and/or dangerous and/or hazardous conditions including snow or ice and/or owed a duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons such as Plaintiff to warn them of dangerous and/or hazardous conditions on the premises.

22. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain and/or manage and/or inspect the property outside located at 288 Larkin Drive, Monroe, New York.

23. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. owed a duty to Plaintiff and persons such as Plaintiff to keep the property outside located at

288 Larkin Drive, Monroe, New York free of any and all obstacles and/or dangerous and/or hazardous conditions including snow or ice and/or owed a duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons such as Plaintiff to warn them of dangerous and/or hazardous conditions on the premises.

24. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain and/or manage and/or inspect the property outside located at 288 Larkin Drive, Monroe, New York.

25. At all times mentioned herein, upon information and belief, Defendant JOHN DOE owed a duty to Plaintiff and persons such as Plaintiff to keep the property outside located at 288 Larkin Drive, Monroe, New York free of any and all obstacles and/or dangerous and/or hazardous conditions including snow or ice and/or owed a duty to Plaintiff and persons such as Plaintiff to keep the aforementioned property in safe and/or proper condition and/or repair and/or owed a duty to Plaintiff and persons such as Plaintiff to warn them of dangerous and/or hazardous conditions on the premises.

26. At all times mentioned herein, upon information and belief, Defendant JOHN DOE owed a duty to Plaintiff and persons such as Plaintiff to control and/or maintain and/or manage and/or inspect the property outside located at 288 Larkin Drive, Monroe, New York.

27. At all times mentioned herein, upon information and belief, Defendant FBG WALL LLC, breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

28. At all times mentioned herein, upon information and belief, Defendant WALMART, INC. breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

29. At all times mentioned herein, upon information and belief, Defendant RD MANAGEMENT LLC, breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

30. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

31. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

32. At all times mentioned herein, upon information and belief, Defendant JOHN DOE, breached their aforementioned duties to the public and persons including but not limited to the Plaintiff.

33. At all times mentioned herein, upon information and belief, Defendant FBG WALL LLC, had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition

that caused the within incident, to wit, a parking lot consisting of snow and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant FBG WALL LLC, its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

34. At all times mentioned herein, upon information and belief, Defendant FBG WALL LLC caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

35. At all times mentioned herein, upon information and belief, Defendant WALMART, INC, had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant WALMART, INC., its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

36. At all times mentioned herein, upon information and belief, Defendant WALMART, INC. caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

37. At all times mentioned herein, upon information and belief, Defendant RD MANAGEMENT LLC, had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant RD MANAGEMENT LLC, its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

38. At all times mentioned herein, upon information and belief, Defendant  RD MANAGEMENT LLC caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

39. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a  parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow

and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant HARRIMAN COMMONS, LLC its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

40. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

41. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

42. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

43. At all times mentioned herein, upon information and belief, Defendant JOHN DOE, had actual notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries, and/or had constructive notice of the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice and Plaintiff's injuries, as the subject dangerous and/or hazardous condition existed for period of time prior to the happening of the subject incident, which period of time was such that Defendant JOHN DOE, its agents, servants and/or employees, knew or reasonably should have known and/or discovered the condition, and neglected to repair and/or remedy the dangerous and/or hazardous condition which caused the within incident and injuries to Plaintiff.

44. At all times mentioned herein, upon information and belief, Defendant JOHN DOE caused the dangerous and/or hazardous condition that caused the within incident, to wit, a parking lot consisting of snow and/or ice, and Plaintiff's injuries.

45. At all times mentioned herein, upon information and belief, Defendant FBG WALL LLC failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition.

46. At all times mentioned herein, upon information and belief, Defendant WALMART, INC. failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition.

47. At all times mentioned herein, upon information and belief, Defendant RD MANAGEMENT LLC failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition.

48. At all times mentioned herein, upon information and belief, Defendant HARRIMAN COMMONS, LLC failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition.

49. At all times mentioned herein, upon information and belief, Defendant D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition

50. At all times mentioned herein, upon information and belief, Defendant JOHN DOE failed to warn persons, including but not limited to the Plaintiff, of the dangerous and/or hazardous condition

51. That as a direct and proximate cause, and reasonably foreseeable result of the Defendants' negligence and/or reckless disregard, in allowing and/or permitting the accumulation of snow or ice in the parking lot, Plaintiff suffered from serious, substantial and permanent personal injuries, including but not limited to, surgical intervention consisting of right carpal tunnel release and right ulnar decompression performed by Dr. Neal Shuren on June 19, 2018, surgical intervention consisting of anterior disc arthroplasty at C3-4 and anterior cervical discectomy and fusion at C4-

C5 and C5-C6 performed by Dr. Joshua Rovner on August 19, 2020, and will require further medical aid and assistance for an indefinite period of time, endured conscious pain and suffering and psychological overlay and lost earnings, all of which the Defendants are responsible for.

52. This action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

**WHEREFORE**, Plaintiff, ROSANNA ANTOLINO GAMBINO, demands judgment against the Defendants, FBG WALL LLC, and/or WALMART, INC. and/or RD MANAGEMENT LLC and/or HARRIMAN COMMONS, LLC and/or D&D GENERAL CONTRACTING AND PROPERTY MAINTENANCE INC. and/or JOHN DOE, jointly and severally in an amount that exceeds the jurisdictional amount of lower courts, together with punitive damages and the costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

62. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

63. At all times mentioned herein, Plaintiff, ANTHONY GAMBINO is the lawful husband of Plaintiff, ROSANNA ANTOLINO GAMBINO.

64. As a result of the negligence of the Defendant(s) aforesaid, Plaintiff, ANTHONY GAMBINO has been and will be deprived of the services, support, society and consortium of his wife for a long period of time.

**WHEREFORE**, Plaintiff, ANTHONY GAMBINO, demands judgment against the Defendants, FBG WALL LLC, and/or WALMART, INC. and/or RD MANAGEMENT LLC and/or HARRIMAN COMMONS, LLC and/or D&D GENERAL CONTRACTING AND

PROPERTY MAINTENANCE INC. and/or JOHN DOE, jointly and severally in an amount that

exceeds the jurisdictional amount of lower courts, together with punitive damages and the costs

and disbursements of this action.

Dated: Fort Lee, New Jersey
November 6, 2020

/s/ Natalie A. Zammitti Shaw
NATALIE A. ZAMMITT SHAW
LAW OFFICES ROSEMARIE ARNOLD
Attorneys for Plaintiff
1386 Palisade Avenue
Fort Lee, New Jersey 07024
T: (201) 461-1111      F: (20) 461-1666

555 Madison Avenue, 16th Floor
New York, New York 10022
**PLEASE RESPOND TO NEW JERSEY ADDRESS**

FILED: NEW YORK ... Case 1:21-cv-05404-LJK Document 2-2 Filed:06/18/21 Page 21 of 36 ...

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 11/06/2020

## ATTORNEY'S VERIFICATION

NATALIE A.ZAMMITTI SHAW, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a partner at the LAW OFFICES ROSEMARIE ARNOLD, attorneys of record for Plaintiff, ROSANNA ANTOLINO GAMBINO and ANTHONY GAMBINO.

I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys maintain their offices.

Dated: November 6, 2020                    */s/ Natalie A. Zammitti Shaw*
                                           NATALIE A. ZAMMITTI SHAW
                                           LAW OFFICES ROSEMARIE ARNOLD

                                           1386 Palisade Avenue
                                           Fort Lee, New Jersey 07024
                                           T: (201) 461-1111      F: (20) 461-1666

                                           555 Madison Avenue, 16th Floor
                                           New York, New York 10022
                                           **PLEASE RESPOND TO NEW JERSEY ADDRESS**

WM 20-515 JO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

ROSANNA ANTOLINO GAMBINO and
ANTHONY GAMBINO,

                                  Plaintiffs,

                  -against-

FBG WALL LLC, WALMART, INC., RD
MANAGEMENT LLC, HARRIMAN COMMONS, LLC,
D & D GENERAL CONTRACTING & PROPERTY
MAINTENANCE INC., "JOHN DOE", as described in
the complaint,

                                  Defendants.

-------------------------------------------------------------------X

       Index No.: **159549/2020**

       **VERIFIED ANSWER**

       The defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART, INC., by its

attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein

states upon information and belief:

### AS TO THE FIRST CAUSE OF ACTION

       FIRST:  Defendant denies having knowledge or information sufficient to form a belief

as to the allegations set forth in paragraphs marked "1", and "2", and each and every part thereof.

       SECOND: Defendant denies the allegations set forth in paragraph marked "3", except

admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and

doing business in the State of New York, leaving all other questions to the Court.

       THIRD: Defendant denies having knowledge or information sufficient to form a belief

as to the allegations set forth in paragraphs marked "4", "5", "6", "7", "8", and "9", and each and

every part thereof.

FOURTH: Defendant denies the allegations set forth in paragraph marked "10", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Wal-Mart store in Monroe, New York and is the operator of that Wal-Mart store, leaving all questions of fact to the trier of fact and all questions of law to the Court.

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "11", "12", "13", "14", "15", and "16", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraphs marked "17", and "18", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "19", "20", "21", "22", "23", "24", "25", "26", and "27", and each and every part thereof.

EIGHTH: Defendant denies the allegations set forth in paragraph marked "28", and respectfully refers all questions of law to the trial Court.

NINTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "29", "30", "31", "32", "33", and "34", and each and every part thereof.

TENTH: Defendant denies the allegations set forth in paragraphs marked "35", and "36", and each and every part thereof.

ELEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "37", "38", "39", "40", "41", "42", "43", "44", and "45", and each and every part thereof.

TWELFTH: Defendant denies the allegations set forth in paragraph marked "46", and each and every part thereof.

THIRTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "47", "48", "49", and "50", and each and every part thereof.

FOURTEENTH:  Defendant denies the allegations set forth in paragraph marked "51", and each and every part thereof.

FIFTEENTH:  Defendant denies the allegations set forth in paragraph marked "52", and respectfully refers all questions of law to the trial Court.

SIXTEENTH:  Defendant denies the allegations set forth in missing paragraphs marked "53", "54", "55", "56", "57", "58", "59", "60", and "61", and each and every part thereof.

## AS TO THE SECOND CAUSE OF ACTION

SEVENTEENTH:  Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "61", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "62", and each and every part thereof.

EIGHTEENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "63", and "64", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH:  The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which

caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH:  In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

### AS A CROSS COMPLAINT AGAINST CO-DEFENDANT, D & D GENERAL CONTRACTING & PROPERTY MAINTENANCE INC., DEFENDANT, WAL-MART STORES EAST, LP, ALLEGES:

If the plaintiff was caused to sustain injuries and damages at the time and place and in the manner alleged in the Complaint through any carelessness, recklessness and negligence other than the plaintiff's own carelessness, reckless and negligence, said injuries and damages were caused by reason of the carelessness, recklessness and negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of lease by each party against whom this Cross-Complaint is pleaded and the agents, servants and/or employees of each such party, and if any judgment is recovered herein by the plaintiff against the defendant(s) asserting this Cross-Complaint, the said defendant(s) will be damaged thereby and each party against whom this Cross-Complaint is pleaded is or will be responsible therefor.

By reason of the foregoing and by reason of indemnification and/or hold harmless agreements by and between the cross-complaining defendant(s) and each party against whom this Cross-Complaint is pleaded, each party against whom this Cross-Complaint is pleaded will be liable to and bound to indemnify the defendant(s) asserting the same in the event of a recovery herein by the plaintiff against the defendant(s) asserting this Cross-Complaint and bound to pay to the defendant(s) asserting this Cross-Complaint and all attorneys' fees, costs of investigation and disbursement.

Alternatively and by reason of the foregoing, each party against whom this Cross-Complaint is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, will be liable to contribute to the verdict or judgment recovered against the said defendant(s) asserting this Cross-Complaint.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a WALMART, INC., requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
December 14, 2020

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
WAL-MART STORES EAST, LP i/s/h/a
WALMART, INC.

By:    s/_____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-515 JO

TO:    LAW OFFICES ROSEMARIE ARNOLD
        Attorneys for Plaintiffs
        1386 Palisade Avenue
        Fort Lee, New Jersey 07024
        (201) 461-1111

Case 1:21-cv-05404-LJL    Document 1-1    Filed 06/18/21    Page 28 of 36

# **AFFIRMATION BY ATTORNEY**

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
        December 14, 2020

_____
PATRICIA A. O'CONNOR

WM 20-515 JO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X

ROSANNA ANTOLINO GAMBINO and                    **Index No.: 159549/2020**
ANTHONY GAMBINO,

                              Plaintiffs,

            -against-                            **VERIFIED ANSWER**

FBG WALL LLC, WALMART, INC., RD
MANAGEMENT LLC, HARRIMAN COMMONS, LLC,
D & D GENERAL CONTRACTING & PROPERTY
MAINTENANCE INC., "JOHN DOE", as described in
the complaint,

                              Defendants.
---------------------------------------------------------------------X

   The defendants, FBG WALL LLC and RD MANAGEMENT LLC, by their attorneys,

BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein state upon

information and belief.

## AS TO THE FIRST CAUSE OF ACTION

   FIRST: Defendants deny having knowledge or information sufficient to form a belief as to

the allegations set forth in paragraph marked "1", and each and every part thereof.

   SECOND: Defendants deny the allegations set forth in paragraphs marked "2", "3", and "4",

except admits that FBG WALL LLC is a corporation duly licensed and authorized to do business in

the State of New York, that WAL-MART STORES EAST, LP is a foreign limited partnership

registered to do and doing business in the State of New York, and that RD MANAGEMENT LLC

is a limited liability company duly organized under and by virtue of the laws of the State of New

York, leaving all other questions to the Court.

   THIRD: Defendants deny having knowledge or information sufficient to form a belief as to

the allegations set forth in paragraphs marked "5", "6", "7", and "8" and each and every part thereof.

FOURTH: Defendants deny the allegations set forth in aparagraphs marked "9", "10", and "11", except admits that FBG WALL LCC owned that part of the premises where the Walmart store is located, that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Wal-Mart store in Monroe, New York and is the operator of that Wal-Mart store, and that RD MANAGEMENT LLC is the managing agent for the owner, leaving all questions of fact to the trier of fact and all questions of law to the Court.

FIFTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "12", "13", and "14", and each and every part thereof.

SIXTH: Defendants deny the allegations set forth in paragraphs marked "15", "16", "17", "18", "19" and "20" and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "21", "22", "23", "24", "25" and "26", and each and every part thereof.

EIGHTH: Defendants deny the allegations set forth in paragraphs marked "27", "28", and "29" and respectfully refers all questions of law to the trial Court.

NINTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "30", "31", and "32", and each and every part thereof.

TENTH: Defendants deny the allegations set forth in paragraphs marked "33", "34", "35", "36", "37", and "38", and each and every part thereof.

ELEVENTH: Defendants deny having knowledge or information sufficient to form a belief

as to the allegations set forth in paragraphs marked "39", "40", "41", "42", "43", and "44", and each and every part thereof.

TWELFTH: Defendants deny the allegations set forth in paragraphs marked "45", "46", and "47", and each and every part thereof.

THIRTEENTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "48", "49", and "50", and each and every part thereof.

FOURTEENTH: Defendants deny the allegations set forth in paragraph marked "51", and each and every part thereof.

FIFTEENTH: Defendants deny the allegations set forth in paragraph marked "52", and respectfully refers all questions of law to the trial Court.

SIXTEENTH: Defendants deny the allegations set forth in missing paragraphs marked "53", "54", "55", "56", "57", "58", "59", "60", and "61", and each and every part thereof.

## AS TO THE SECOND CAUSE OF ACTION

SEVENTEENTH: Defendants repeat and reiterate each and every denial in answer to paragraphs numbered "1" through "61", of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "62", and each and every part thereof.

EIGHTEENTH: Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "63", and "64", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

## AS A CROSS COMPLAINT AGAINST CO-DEFENDANT, D & D GENERAL CONTRACTING & PROPERTY MAINTENANCE INC., DEFENDANTs, FBG WALL LLC and RD MANAGEMENT LLC ALLEGE:

If the plaintiff was caused to sustain injuries and damages at the time and place and in the manner alleged in the Complaint through any carelessness, recklessness and negligence other than the plaintiff's own carelessness, reckless and negligence, said injuries and damages were caused by reason of the carelessness, recklessness and negligence and/or affirmative acts of omission or commission and/or breach of contract and/or breach of lease by each party against whom this Cross-

Complaint is pleaded and the agents, servants and/or employees of each such party, and if any judgment is recovered herein by the plaintiff against the defendant(s) asserting this Cross-Complaint, the said defendant(s) will be damaged thereby and each party against whom this Cross-Complaint is pleaded is or will be responsible therefor.

By reason of the foregoing and by reason of indemnification and/or hold harmless agreements by and between the cross-complaining defendant(s) and each party against whom this Cross-Complaint is pleaded, each party against whom this Cross-Complaint is pleaded will be liable to and bound to indemnify the defendant(s) asserting the same in the event of a recovery herein by the plaintiff against the defendant(s) asserting this Cross-Complaint and bound to pay to the defendant(s) asserting this Cross-Complaint and all attorneys' fees, costs of investigation and disbursement.

Alternatively and by reason of the foregoing, each party against whom this Cross-Complaint is pleaded, on the basis of apportionment of responsibility for the alleged occurrence, will be liable to contribute to the verdict or judgment recovered against the said defendant(s) asserting this Cross-Complaint.

WHEREFORE, defendant, FBG WALL LLC and RD MANAGEMENT LLC, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       May 26, 2021

Yours, etc.
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
WAL-MART STORES EAST, LP i/s/h/a
WALMART, INC.


By:  *Joseph O'Connor*
JOSEPH O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 20-515 JO


TO:   LAW OFFICES ROSEMARIE ARNOLD
      Attorneys for Plaintiffs
      1386 Palisade Avenue
      Fort Lee, New Jersey 07024
      (201) 461-1111

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New Yor
May 26, 2020

*Joseph O'Connor*
JOSEPH O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF SUFFOLK   )

        KATELYN OLSEN being duly sworn, deposes and says:

        That your deponent is not a party to this action, is over 18 years of age and resides at Greenlawn, New York.

        That on the 27th day of May, 2021, deponent served the within VERIFIED ANSWER

UPON:      LAW OFFICES ROSEMARIE ARNOLD
             Attorneys for Plaintiffs
             1386 Palisade Avenue
             Fort Lee, New Jersey 07024
             (201) 461-1111

        The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
KATELYN OLSEN

Sworn to before me this
27th day of May, 2021.

_____
NOTARY PUBLIC

KAREN A. CONVERSO
NOTARY PUBLIC-STATE OF NEW YORK
No. 0?C04907647
Qualified in Suffolk County
My Commission Expires 10-13-2021